NO. 07-00-0371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 14, 2001

______________________________

DAVID EARL JOHNSON JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF SWISHER COUNTY;

NO. B3222-9907CR; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

On May 5, 2000, appellant David Earl Johnson Jr. was convicted of involuntary manslaughter and sentenced to ten years confinement in the Institutional Division of the Department of Criminal Justice.  Appellant filed a timely notice of appeal.  To date, we have received a clerk’s record, but have not received a reporter’s record.  We have been informed by the reporter that appellant has not paid or made arrangements to pay for the record.  This sequence of events requires us to call for a hearing to avoid further delay and to preserve appellant’s rights.  
See
 Tex. R. App. P. 37.3 (a) (2).  Accordingly, this appeal is abated, and the cause remanded to the 64
th
 District Court of Swisher County.  

Upon remand, the judge of the trial court shall immediately cause notice to be given  and conduct a hearing to determine:

1.  Whether appellant has abandoned his appeal.

2.  If appellant still desires to pursue his appeal, whether appellant’s retained counsel will diligently pursue the appeal.  If not, the trial court will determine if appellant is indigent and if appointment of another attorney is necessary.

3.  If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements be made.

4.  If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.  

5.  Whether appellant has been deprived of a diligent appeal by ineffective assistance of counsel or for any other reason.

6.  If any other orders are necessary to ensure the diligent and proper pursuit of appellant’s appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  Those supplemental records shall be submitted to the clerk of this court no later than March 14, 2001.  

It is so ordered.  

Per Curiam

Do not publish.